UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | ) ) ) ) ) | CASE NO. 5:13CV695 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | ORDER |
| OHIO INSULATION, LLC, | ) ) ) ) | |
| DEFENDANT. | ) | |

Plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. has moved for judgment by default on its Complaint against defendant Ohio Insulation, LLC (Doc. No. 8). Defendant has not responded to the motion.

Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

With its motion, plaintiff has submitted the affidavit of Timothy Piatt, demonstrating that defendant has failed to answer or otherwise plead to the Complaint. (Doc. No. 8-1 at ¶ 3.) Pursuant to Rule 55(a), the Clerk of Courts of this District properly entered default on August 6, 2013. (Doc. No. 10.)

Rule 55(b)(2) governs the Court's consideration of a motion for default,

and provides, in relevant part:

> [t]he party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury—when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(B)(2). Defendant failed to defend against the Complaint, and the time for raising such defense has passed. As a corporation, defendant is clearly not an infant or an incompetent person. (Doc. No. 8-1 at ¶ 4.) Plaintiff, therefore, is entitled to a default judgment and its motion for such relief is hereby **GRANTED**.

Plaintiff's Complaint charges defendant with liability under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*, for failing to make mandatory contributions to the employee trust fund, which plaintiff established to provide welfare and retirement benefits for its participants. (Doc. No. 1, Comp. at ¶ 9.) Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, provide a statutory remedy for a trust fund suing to collect unpaid plan contributions. Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Section 502 provides for civil enforcement of an employer's duty to make such contributions. 29 U.S.C. § 1132.

In its motion, plaintiff seeks the sum of $11,496.34, said amount representing $6,819.19 in fringe benefit contributions, $3,409.59 in late fees, and $1,267.56 in attorney's fees and costs under 29 U.S.C. § 1132(g)(2)(D). In support of its entitlement to the fund contributions and penalties, plaintiff has appended an affidavit of damages establishing the amount of contributions owed and late fees incurred. (Doc. No. 8-4.)

Consideration of plaintiff's request for fees is made using the "lodestar" approach. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In making the lodestar calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434. "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed."[1] *Id.*

Plaintiff's request for attorney's fees and costs is supported by the affidavit of attorney Timothy Piatt, and a billing summary appended thereto as Exhibit A, in which the work performed, the rate charged, and the time spent on each activity is set forth in specific detail. (Doc. No. 8-3.) The Court finds that the hours expended and rates charged are reasonable.

Based on the foregoing, it is **ORDERED, ADJUDGED** and **DECREED**

---

[1] Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430, n.3.

that judgment shall be entered against defendant and in favor of plaintiff in the amount of $11,496.34.

        **IT IS SO ORDERED**.

Dated: November 4, 2013

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**